UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-cv-00150-R

**GARY VANDER BOEGH**                                                            **PLAINTIFF**

v.

**UNITED STATES OF AMERICA and
E. DOUGLAS FROST**                                                **DEFENDANTS**

**OPINION & ORDER**

This matter comes before the Court upon the United States' Notice of Substitution (DN 10). Plaintiff has responded (DN 13) and the United States replied (DN 16). This matter is now ripe for adjudication.

This matter arises from an incident between Plaintiff Gary Vander Boegh and Defendant E. Douglas Frost, a Department of Energy ("DOE") employee. On September 27, 2007, Plaintiff attended a public presentation by the DOE in McCracken County, Kentucky. Plaintiff alleges that he "stepped out of the room and, upon attempting to reenter the room, Frost pushed the door shut, pinning [Plaintiff] between the door and the door jamb."

Plaintiff filed his first Complaint on September 16, 2008, naming only Frost as a defendant. Plaintiff amended his complaint two days later on September 18, 2008. The United States filed its Notice of Substitution on July 30, 2009. Shortly thereafter, on August 7, 2009, Plaintiff filed his Second Amended Complaint, adding the United States as a named defendant.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988) ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligence or

wrongful act or omissions of federal employees taken "within the scope of their office or employment." Section 6 of the Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act") provides that upon certification by the Attorney General, or his designate, that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant with respect to these claims. 28 U.S.C. § 2679(d)(1); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) ("Upon certification, the employee is dismissed from the action and the United States is substituted as defendant."). This scope-of-employment certification, however, is reviewable in court. *Gutierrez*, 515 U.S. at 420.

Candice G. Hill, Acting United States Attorney for the Western District of Kentucky, has certified that at the time of the incident Frost was acting within the scope of his employment as an officer and/or agent of the DOE. The United States asserts that it has upon this certification, by operation of law, been substituted as sole defendant with respect to the state law causes of action alleged in the Complaint. Plaintiff does not object to the United States being substituted for Frost with regards to the negligence counts, but does object to substitution with regards to the intentional tort and punitive damage counts.

"[T]o contest the propriety of substitution, the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment." *Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002). Here, Plaintiff has not provided any evidence that Frost was not acting within the scope of his employment. Instead, Plaintiff requests that substitution be denied until Frost's motivations can be tested through discovery.

2

The Court concludes that because Plaintiff has not provided any evidence that Frost was not acting within the scope of his employment, Frost shall be dismissed from the action and the United States shall be substituted as defendant. Should subsequent discovery indicate this issue be examined then Plaintiff may file an appropriate motion.

For the reasons set forth above, IT IS HEREBY ORDERED:

1) The state tort law claims set forth in the Second Amended Complaint are dismissed without prejudice with respect to the individually named Defendant, E. Douglas Frost.

2) The caption of this action shall be amended to reflect the substitution of the United States as the sole Defendant for the individually named Defendant, E. Douglas Frost; accordingly, E. Douglas Frost shall be dismissed from this action.

3) A telephonic status conference shall be held on October 9, 2009, at 2:30 CST. The Court will place the call.   (Oct. 5, 2009 conference is cancelled)

*Thomas B. Russell*
**Thomas B. Russell**
**Chief Judge, U.S. District Court**

September 30, 2009

3