UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00150-R

GARY VANDER BOEGH                                                            PLAINTIFF

v.

UNITED STATES OF AMERICA                                                  DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Defendant's Motion for Summary Judgment (DN 30). Plaintiff has responded (DN 31), and Defendant has replied (DN 38). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

**BACKGROUND**

Plaintiff Gary Vander Boegh brings this action under the Federal Tort Claims Act. While attending a public meeting held by the Department of Energy at a hotel in Paducah, Kentucky, Vander Boegh claims that government employee Doug Frost negligently injured him. Vander Boegh states that during the meeting, he and Frost encountered one another at a door leading into a conference room. The door pivoted on its hinges in such a way that as Vander Boegh opened it to enter the room, Frost was caught between a wall and the door swinging toward him. The parties disagree about whether Frost simply stopped the door from pinning him between it and the wall with an outstretched arm, or if Frost actively pushed the door back towards Vander Boegh as he walked through it. However, the parties do not dispute that Vander Boegh was struck by the door, trapping him momentarily between the door's handle and frame. It is also agreed that the placement of the door relative to Vander Boegh kept him from seeing how Frost physically reacted to the oncoming door. Vander Boegh alleges that the incident injured his artificial hip and eventually he required hip reconstruction surgery to correct the condition.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

"The Federal Tort Claims Act grants a limited waiver of sovereign immunity and allows tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (quoting 28 U.S.C.

§ 2674). "The Act 'waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances.'" *Id.* (quoting *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994)) (internal quotation marks omitted). Generally, the law of the state where the act or omission by the federal government takes place controls the dispute. *Friedman v. United States*, 927 F.2d 259, 261 (6th Cir. 1991). As such, liability for this action is determined under Kentucky's civil tort law.

Government moves for summary judgment on the basis that there is no evidence to support a claim that Frost's actions were negligent. "To recover under a claim of negligence in Kentucky, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages." *Lee v. Farmer's Rural Elec. Co-op.*, 245 S.W.3d 209, 211-12 (Ky. Ct. App. 2007) (citation omitted). Government concedes that Frost owed Vander Boegh a duty to exercise ordinary care to prevent foreseeable injury. *See Morgan v. Scott*, 291 S.W.3d 622, 630-31 (Ky. 2009). Instead, Government argues in its motion that Frost did not breach that duty, insisting that Frost acted as an ordinarily prudent person by protecting himself from being pinned between the door and the wall. Alternatively, Government argues that because Vander Boegh's view of Frost was obstructed, Vander Boegh is incapable of rebutting Frost's claim of self defense or showing he acted negligently.

A closer examination of the depositions and sworn statements submitted reveals the conflicting accounts of the event by each party: Vander Boegh claims the door was slammed into his left hip while Frost maintains that he merely stopped the door from shutting on him. Logic suggests however that the two accounts of the event are mutually exclusive: if Frost had only

3

stopped the momentum of the door from swinging toward him, it would not have slammed back onto Vander Boegh.[1] Therefore, it would appear that Government in this motion for summary judgment is simply asking the Court to accept Frost's version of the story rather than Vander Boegh's.

Government's motion for summary judgment is improper for two reasons. First, Government is petitioning the Court to determine that there is no evidence of a breach of the duty of ordinary care because when Frost stopped the door he was protecting himself. However, Vander Boegh's own statements specifically refute this assertion, as he claims the door was pushed forcefully back upon him. Consequently, there are two conflicting accounts of the same event. Not only does this discrepancy create a genuine issue of material fact, but past precedent is clear that "[w]eigh[ing] disputed evidence, decid[ing] questions of credibility, and [drawing] inferences about the knowledge and intent of parties" is in the exclusive purview of the finder of fact. *Hanover Ins. Co. v. American Engineering Co.*, 33 F.3d 727, 732 (6th Cir. 1994). Second, although Frost may have been attempting to deflect the blow of the opening door, protecting oneself does not alter the duty of care owed. Kentucky law requires that in the event of a sudden emergency, an individual must still follow the example of the reasonably prudent person if confronted with that emergency. *See Regenstreif v. Phelps*, 142 S.W.3d 1, 5 (Ky. 2004). As such, Government is petitioning this Court to find that Frost acted reasonably to protect himself,

---

[1] This would seem to be an important inference that Vander Boegh premises his claim upon. While the parties have attached photographs of the door in question to their motions, there is no information about how the door actually opens and closes. Considering there is no evidence to the contrary, this is a justifiable inference the Court has drawn in favor of Vander Boegh. *See Hanover Ins. Co.*, 33 F.3d at 732 n.8 (all justifiable inference are drawn in favor of the non-moving party in a summary judgment motion).

thereby determining both questions of law and fact. However, Kentucky law is clear that in an action for negligence, whether the defendant breached his duty is a decision for the fact finder. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). Given the divergent narratives offered by both parties, deciding whether Frost acted reasonably in protecting himself would be inappropriate in the context of this summary judgment motion.

Finally, Government stresses that as Vander Boegh did not see Frost's reaction to the door moving toward him, and he is incapable of proving his claim of negligence. Kentucky law holds that negligence may be established through "positive proof or proof of facts or circumstances from which [negligence] can be reasonably inferred." *Caney Creek Coal Co. v. Ellis*, 437 S.W.2d 745, 748 (Ky. 1969); *see Paducah Dry Goods Co. v. Thompson*, 213 S.W.2d 440, 442 (Ky. 1948) ("We have held in numerous cases that negligence may be established by proof of facts from which an inference may be drawn."). The facts put before the Court create a sufficient inference to survive this motion for summary judgment that Frost breached the duty owed to Vander Boegh. It is dubious however that such evidence alone would be adequate for Vander Boegh to carry his burden at trial.

Examining the evidence in the light most favorable to Vander Boegh, this action presents genuine issues of material fact, and therefore this motion for summary judgment is inappropriate.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (DN 30) is DENIED.