UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00150-R

GARY VANDER BOEGH                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA                                            DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant's Motion to Exclude a Witness at

Trial (DN 39). Plaintiff has responded (DN 42). This matter is now ripe for adjudication. For

the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

Plaintiff Gary Vander Boegh brings this action under the Federal Tort Claims Act. While

attending a public meeting held by the Department of Energy at a hotel in Paducah, Kentucky,

Boegh claims that government employee Doug Frost negligently injured him. Vander Boegh

alleges that the incident injured his artificial hip and eventually he required hip reconstruction

surgery to correct the condition. The discovery deadline for this action was August 1, 2010, with

the trial set for November 10 of the same year. On October 1, Vander Boegh identified for the

first time Bill McCalpin as a witness who would testify at trial. Defendant now seeks to exclude

McCalpin as a witness because disclosure of the witness was not made in compliance with Fed.

R. Civ. P. 26(e)(1)(A).

## ANALYSIS

Rule 26(e) requires that parties must supplement their witness lists in a timely manner if

the party learns of a new witness it intends to use at trial. *See* Fed. R. Civ. P. 26(e)(1)(A), (a)(3).

"Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is,

it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x. 423, 430 (6th Cir. 2008) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). In interpreting the Advisory Committee notes to Rule 37(c)(1), this circuit interpreted harmless as "involv[ing] an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999).

The late addition of McCalpin strikes this Court as a harmless error. Vander Boegh specifically stated in his Rule 26 disclosures that there were a number of friends and family members besides the witnesses listed who had information concerning the extent of Vander Boegh's injury. Moreover, though Vander Boegh was indeed tardy in disclosing his name as a witness, McCalpin is not an expert or a witness expected to offer new or unexpected testimony. Therefore, the potential prejudice to Defendant in allowing the testimony is minimal. Finally, Vander Boegh has indicated in his response to this motion that he is willing to aid Defendant should they desire to depose McCalpin. As such, this Court grants Defendant permission to depose McCalpin before trial. The parties shall coordinate the date and time. This will eliminate any prejudice the Defendant may have suffered from the late disclosure.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Exclude a Witness (DN 39) is DENIED.

In addition, this Court GRANTS Defendant permission *sua sponte* to depose McCalpin. The parties shall coordinate a mutually agreeable time and place before the scheduled trial date.